UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY A. BAGSBY,

    Plaintiff,

v.

TINA GEHRES, DENNIS GEHRES,
LOIS GEHRES, RUSSELL HALE,
KATHY HALE, SYLVIA GEHRES,
MAGNEVU CORPORATION,
SCHNELZ, WELLS, MONAGHAN
AND WELLS, P.C.,

    Defendants.
_____/

CASE NO: 00-CV-10153-BC

MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER ON PLAINTIFF'S MOTION
## FOR CERTIFICATION OF ORDERS FOR INTERLOCUTORY APPEAL
(Dkt. 297)

Pending pursuant to consent jurisdiction under 28 U.S.C. § 636(c) is the above-entitled motion filed June 13, 2005. Defendants have filed responses opposing the motion. (Dkts. 298, 299.)

On February 16, 2005, I issued a Memorandum Opinion and Order that set forth this judicial officer's "well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors" including a thorough "evaluation of the facts . . . [and] analysis of the law" within the meaning of *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 434, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968). Upon review of the motion and responses now before the Court, I conclude that Plaintiff correctly argues that the Memorandum Opinion and Order was intended under Rule 54(b) of the Federal Rules of Civil Procedure to be

a final and binding adjudication as to the matters considered in that memorandum opinion, which effectively comprised the totality of Plaintiff's claims.

I further conclude that the Memorandum Opinion and Order involved controlling questions of law and that the vitriolic briefing filed by all parties confirms that there are substantial grounds for differences of opinion. In addition, I find that an immediate appeal would materially advance the ultimate termination of this litigation within the meaning of 28 U.S.C. § 1292(b) since appellate review of the Memorandum Opinion and Order would effectively terminate proceedings on Plaintiff's claims and leave only a set of factually and legally distinguishable counterclaims yet to be adjudicated. (*See* Dkt. 183.)

In considering the factors set forth in *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986), I conclude that as to the first factor, the adjudicated claims and the remaining unadjudicated counterclaims are not directly related, as the counterclaims arise out of the effects upon Defendants of Plaintiff's actions which can easily be separated both analytically and geographically from the claims disposed of in the Memorandum Opinion and Order. As to the second factor, I am unaware of any future developments which might moot appellate consideration of the Memorandum Opinion and Order. As to the third factor, although future appellate consideration of this case cannot be ruled out, such a future appeal would be based on the factually and legally distinguishable counterclaims and would not necessitate reconsideration of the issues disposed of in the Memorandum Opinion and Order. As to the fourth factor, although counterclaims remain unadjudicated, there would be no setoff, as I conclude in the Memorandum Opinion and Order that Plaintiff takes nothing on the claims made in his complaint. As to the final factor, I conclude that numerous reasons strongly favor appellate consideration of the Memorandum Opinion and Order. This case has continued for over five years

without a final determination of any substantive issue. Appellate determination of the issues discussed in the Memorandum Opinion and Order would narrow remaining issues very significantly and would materially expedite the disposition of the remaining counterclaim issues.

The arguments raised by Defendants in opposition, while plausible on their face, lack merit as they relate to a period prior to the detailed consideration by any judicial officer of the motions decided in the Memorandum Opinion and Order issued over six months after the order cited by Defendants. For these reasons, I conclude that judgment should be entered as to the matters determined in the Memorandum Opinion and Order issued February 16, 2005, and that there is no just reason for delay of the appeal.

Accordingly, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**. The appropriate judgment shall enter.

Review of this Order is governed by 28 U.S.C. § 636(c)(3) and Rule 73(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

                                                     s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: July 1, 2005                   United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date and electronically served on Jamie H. Nisidis, and served in the traditional manner on Tina K. Gehres, Michael J. Forster, Patrick Berrigan, and Michael D. Schloff.

Dated: July 1, 2005                             By     s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder