UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY A. BAGSBY,

    Plaintiff/Counter-Defendant,

                                                          Case Number 00-10153-BC
v.                                                Honorable Thomas L. Ludington

TINA GEHRES, SCHNELZ, WELLS, MONAGHAN
AND WELLS, P.C.,

    Defendants,

SYLVIA GEHRES, DENNIS GEHRES,
LOIS GEHRES, KATHY HALE, RUSSELL HALE,

    Defendants/Counterclaimants.

-and-

TINA GEHRES,

    Third-party Plaintiff,

v.

TIMOTHY HOGAN, PATRICK BERRIGAN,
JOSEPH GREEN, TIMOTHY LEE, BENICIA
BAKER-LIVORSI,

    Third-party Defendants.
_____/

**ORDER DIRECTING DEFENDANTS DENNIS GEHRES, LOIS GEHRES,
SYLVIA GEHRES, KATHY HALE, AND RUSSELL HALE
TO IDENTIFY PERSON TO SERVE AS GUARDIAN AD LITEM
FOR DEFENDANT TINA GEHRES**

On January 10, 2008, Defendant Tina Gehres filed an emergency motion to continue the

proceedings, asserting that she suffers severe depression and post-traumatic stress disorder. In

partial response to that motion, the Court set for hearing the issue of whether to appoint a guardian ad litem, pursuant to Federal Rules of Civil Procedure 17(c) and 25, for Defendant Tina Gehres.

Defendant Tina Gehres' family members – her parents, Defendants Dennis and Lois Gehres, her grandmother, Defendant Sylvia Gehres, and her sister and brother-in-law, Defendants Kathy and Russell Hale – appeared at a hearing on that issue on February 29, 2008. They appeared without counsel, because Defendant Tina Gehres, who had previously represented them, did not attend the hearing. Also present at the hearing were counsel for third party defendants, Joseph Green and Benicia Baker-Livorsi, against whom Defendant Tina Gehres has filed a third party complaint.

At the hearing, the Court gave attention to three points: (1) whether Defendant Tina Gehres can adequately represent her own interests; (2) whether she can adequately represent the interests of her family members and co-defendants (collectively, "Defendant Gehres Family"); and (3) whether to further delay the progress of the proceedings.

Regarding Defendant Tina Gehres' competency to represent her own interests, the Court concludes that appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c) is warranted. Federal Rule of Civil Procedure 17(c)(2) provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

The law of the state of a person's domicile determines her competency. Fed. R. Civ. P. 17(b)(1). The Court retains the discretion whether to appoint a guardian and need only ensure that the incompetent's interests are sufficiently protected. 4 Moore's Federal Practice 3d §17.21[3][b] (2006).

Here, Defendant Tina Gehres has provided the Court with a letter from her treating psychologist describing her inability to participate in court proceedings and her significant mental impairment. Also, the members of her family at the hearing asserted their belief in her severe limitations and incapacity to represent her own interests. Indeed, Defendant Dennis Gehres, her father, filed the petition seeking that she receive treatment involuntarily. Most importantly, they permitted the Court and opposing counsel to review a variety of documents regarding state court proceedings and psychiatric treatment for Defendant Tina Gehres. On December 7, 2007, the Alcona County Probate Court found Defendant Tina Gehers to be a person requiring treatment because of her mental illness. That court further found that, as a result of that illness, her understanding of the need for treatment was deemed to be impaired to the point that she was unlikely to participate in treatment voluntarily. In light of that state court determination, this Court concludes that Defendant Tina Gehres can not presently represent her own interests and will appoint a guardian ad litem to appear on her behalf.

As discussed at the hearing, a guardian ad litem need not be an attorney. After some consideration, Defendant Gehres Family suggested several individuals who might, following consultation with them, be able to serve in that capacity. Those individuals included Pamela Burt, Judge Dwyer, and Nancy Perry. The Court directed Defendant Gehres Family to identify a person willing and able to serve as a guardian ad litem for Defendant Tina Gehres on or before March 11, 2008.

Also discussed at the hearing was Defendant Tina Gehres' representation of her family members. The incapacity that requires the appointment of a guardian ad litem to represent her own interests similarly prevents her from providing adequate legal representation to her family members.

That is, Defendant Tina Gehres cannot serve as an attorney for her family members. Although Defendants Dennis, Lois, and Sylvia Gehres and Russell and Kathy Hale may each appear on their own behalf, they each must face the potential for significant liability against them, if a jury reached a verdict against any one or all of them. In light of that possibility, the Court encouraged them to give serious consideration to whether having an attorney represent them would be advisable.

Finally, the Court declined to delay these proceedings further. Common human regard evokes a natural concern for Defendant Tina Gehres' present incapacity, but the ability of a guardian ad litem to speak on her behalf will allow the litigation to progress. The duration of this litigation, as often noted by her family members, militates in favor of avoiding further delay, where possible. Federal Rule of Civil Procedure 25(b) provides that the Court may, on motion, permit litigation to be continued by or against the party's representative. Once a specific guardian ad litem is identified, the case will proceed. At the next scheduled hearing date of April 11, 2008 at 3 p.m., the Court will take up the third party defendants' motions to dismiss Defendant Tina Gehres' third party complaint.

Accordingly, it is **ORDERED** that Defendant Gehres Family advise the Court and opposing counsel, on or before **March 11, 2008**, of the person they would suggest to serve and who has consented to serve as a guardian ad litem for Defendant Tina Gehres. Along with that person's name, they shall also provide contact information for that person, such as his or her phone number and address.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 6, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 6, 2008.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS